IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM T. JOHNSON, JR.,          :
                                  :
          Petitioner,             :
                                  :
     v.                           :   Civil Action No. 03-546-JJF
                                  :
THOMAS CARROLL, Warden,           :
                                  :
          Respondent.             :
                                  :

_____

William T. Johnson, Jr., Pro Se Petitioner.

Elizabeth R. McFarlan, Esquire, Deputy Attorney General of THE
STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Respondent.

_____

**MEMORANDUM OPINION**

May 22, 2006
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are seven claims raised by
Petitioner, William T. Johnson, Jr., in his first petition filed
in Civil Action No. 00-851, as a result of the Third Circuit's
decision remanding this case for consideration of those claims.
See Johnson v. Carroll, Civil Action No. 04-2701 (3d Cir. May 27,
2005).  For the reasons set forth below, the Court will dismiss
the claims raised by Petitioner in his first Petition and deny
Petitioner's request for federal habeas relief.

## BACKGROUND

### I.    Procedural Background

In October 1998, Petitioner was convicted by a jury in the
Delaware Superior Court of first degree robbery, second degree
conspiracy and possession of a firearm during the commission of a
felony.  Petitioner was sentenced to an aggregate term of twenty-
three years imprisonment and one year of probation.  Petitioner
appealed, and the Delaware Supreme Court affirmed his
convictions.  Johnson v. State, 1999 WL 1098173 (Del. Nov. 2,
1999) ("Johnson I").  In December 1999, Petitioner filed a motion
to vacate sentence pursuant to Superior Court Criminal Rule
35(a), which the Superior Court denied.  See Johnson v. State,
2000 WL 1177624 (Del. Aug. 11, 2000) ("Johnson II").  The
Delaware Supreme Court affirmed the Superior Court's decision
denying Petitioner relief under Rule 35(a).  Id.

On August 25, 2000, Petitioner filed a federal habeas petition in this Court.  The Court dismissed the petition without prejudice, because Petitioner failed to exhaust his available state remedies with respect to his ineffective assistance of counsel claim.  Johnson v. Williams, 2001 WL 34368397 (D. Del. Feb. 16, 2001).  Thereafter, Petitioner attempted to file a Motion To Refile Petition And To Set Aside Unexhausted Ineffective Assistance Of Counsel Claim, and a Motion To Amend The Petition And Memorandum, but they were returned to him by the docket clerk without docketing them or forwarding them to the Court, because his case was closed.

Thereafter, Petitioner pursued post-conviction relief pursuant to Superior Court Criminal Rule 61 in the Delaware Superior Court, and the Delaware Superior Court concluded that Petitioner's claims were either procedurally barred or meritless. State v. Johnson, 2002 WL 130537 (Del. Super. Ct. Jan. 31, 2002) ("Johnson III").  Petitioner appealed, and the Delaware Supreme Court affirmed the decision of the Delaware Superior Court. Johnson v. State, 2002 WL 1836684 (Del. Aug. 9, 2002) ("Johnson IV").

Petitioner then filed a second habeas petition in this Court (D.I. 1 in Civil Action No. 03-546), which the Court dismissed as untimely.  Petitioner appealed, and the Third Circuit concluded that equitable tolling should apply as to the exhausted claims

2

raised in his first petition.  See Johnson v. Carroll, Civil
Action No. 04-2701 (3d Cir. May 27, 2005).  Accordingly, the
Third Circuit remanded this case for the Court to consider the
exhausted claims raised by Petitioner in his first petition filed
in Civil Action No. 00-851.

## II.  Factual Background

The factual background relevant to this action is set forth
fully in the decision of the Delaware Supreme Court in Johnson I,
1999 WL 1098173, *1-2.

STANDARD OF REVIEW

## I.   Legal Principles Governing Exhaustion and Procedural Default

Pursuant to the federal habeas statute:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted unless it appears that -
>
> (A)  the applicant has exhausted the remedies available
> in the courts of the State; or
>
> (B)(i)  there is an absence of available State
> corrective process; or (ii) circumstances exist that
> render such process ineffective to protect the rights
> of the applicant.

28 U.S.C. § 2254(b)(1).  Grounded on principles of comity, the
exhaustion requirement ensures that state courts have the initial
opportunity to review federal constitutional challenges to state
convictions.  Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000),
cert. denied, 532 U.S. 980 (2001).

3

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. Id. at 844-45.  A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002).  The petitioner bears the burden of establishing that the exhaustion requirement has been satisfied.  Landano v. Rafferty, 897 F.2d 661, 670-671 (3d Cir. 1990).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001).  Although deemed exhausted, such claims are nonetheless procedurally defaulted.  Lines, 208 F.3d at 160.  In addition, when a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted.  Harris v. Reed, 489 U.S. 255, 263 (1989); Werts, 228 F.3d at 192.  A federal court

4

may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lines, 208 F.3d at 160.

## II.  Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the following standards of review:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  Thus, a federal court may issue a writ of habeas corpus under Section 2254(d)(1) only if it finds that the state court decision on the merits of a claim (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. Williams v. Taylor, 529 U.S. 362, 412 (2000).

Under the AEDPA, a state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner bears the burden of rebutting the presumption of correctness by clear

5

and convincing evidence.  Id.  The presumption of correctness
applies to both explicit and implicit findings of fact.  Campbell
v. Vaughn, 209 F.3d 280, 286 (3d Cir.2000), cert. denied, 531
U.S. 1084 (2001).

### DISCUSSION

For purposes of the instant habeas proceeding, Petitioner
raises seven claims:  (1) the Superior Court violated the Double
Jeopardy Clause by sentencing Petitioner on charges for which he
was acquitted; (2) the indictment was forged; (3) the Superior
Court committed plain error by failing to suppress Petitioner's
statements; (4) the State violated Delaware Superior Court
Criminal Rule 16 by waiting to disclose the arresting officer's
handwritten notes until its rebuttal case; (5) Petitioner's
Fourth Amendment rights were violated, because the surveillance
and his arrest were illegal; (6) Petitioner's acquittal for some
of the charges precluded his convictions on related charges; and
(7) the prosecutor engaged in misconduct by referring to
Petitioner's prior convictions in his closing argument.[1]  The

---

[1]   In its May 27, 2005 decision, the Third Circuit
remanded this case "to the District Court for consideration of
those claims that were raised in his first petition [Civil Action
No. 00-851] and considered exhausted by the Court in Johnson v.
Williams, Ca. No. 00-851 (D. Del.)."  In its decision in Civil
Action No. 00-851, the Court did not consider the exhaustion
analysis as it applied to Petitioner's other claims and only
concluded that his ineffective assistance of counsel claims were
not exhausted.  The Court is not considering the ineffective
assistance of counsel claims here, because those claims were
clearly unexhausted at the time Petitioner filed the first

State has filed a Supplemental Answer to the Petition, and Petitioner has filed a Reply Brief.

## I.   Double Jeopardy Claim

By his first claim, Petitioner contends that the Superior Court violated the Double Jeopardy Clause of the Constitution by sentencing him on charges for which he was acquitted. Specifically, Petitioner contends that the trial court illegally changed the jury's guilty verdicts.

The State contends that Petitioner exhausted this claim by presenting it to the Delaware Supreme Court on appeal from the Superior Court's denial of his Rule 35 Motion.  However, the Delaware Supreme Court did not substantively view this claim as a double jeopardy claim, and the Delaware Supreme Court concluded that the Rule 35 Motion was not the correct procedural vehicle for Petitioner's claim.  Petitioner went on to raise this claim to the Delaware Supreme Court in the context of his appeal from the Superior Court's denial of his Rule 61 motion for post-conviction relief.  In affirming the Superior Court's decision, the Delaware Supreme Court adopted the Superior Court's analysis, and the Superior Court acknowledged that Petitioner's claim would

---

petition.  However, in an abundance of caution and to avoid possible prejudice to the Petitioner, the Court will consider all the remaining claims raised by Petitioner in his first petition and highlighted by the Court in its August 4, 2005 Order, regardless of whether they were exhausted, or the exhaustion requirement is excused.

7

have been barred under Superior Court Criminal Rule 61(i)(3) for failing to raise the claim on direct appeal.  2002 A.2d at 130537 n.15.  Thus, regardless of whether Petitioner has exhausted this claim, or exhaustion is excused because a state remedy is no longer available, Petitioner has still procedurally defaulted this claim.

To overcome this procedural bar, Petitioner must demonstrate cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if Petitioner's claim is not adjudicated on the merits.  The Court concludes that Petitioner cannot establish prejudice, because his claim lacks merit.  In reviewing Petitioner's claim that the court changed the jury's guilty verdicts and erroneously sentenced him, the Delaware Superior Court stated:

> [T]he Defendant's verdict sheet reflects that the jury convicted him of Counts 9, 10 and 11 involving Criminal Actions Nos. 97-12-0626 for Robbery First Degree, 97-12-0627 for Possession of a Firearm During the Commission of a Felony and 97-12-0628 for Conspiracy Second Degree, which were the identical criminal action numbers reflected in the Court's sentencing Order.  The Defendant was sentenced to the crimes the jury convicted him of, and his claims are therefore entirely meritless.

2002 WL 130537 at *7.  The Court agrees with the Superior Court's assessment and concludes that Petitioner is not entitled to relief on his claim that the Superior Court improperly changed the jury's verdict and erroneously sentenced him.

In addition, the Court concludes that Petitioner has not established that a miscarriage of justice will result if the Court declines to adjudicate his claim on the merits.  The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  A petitioner establishes actual innocence by asserting "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt.  Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).  Petitioner has not presented any colorable evidence of actual innocence. Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim that the trial court improperly changed the jury's verdict.

## II. Forged Indictment Claim

Petitioner next contends that the Prothonotary's office forged the original grand jury indictment.  Petitioner also raises several deficiencies regarding the indictment, including the allegation that the indictment was improperly amended prior to his trial.

Petitioner raised these claims to the Delaware Supreme Court

on direct appeal and in the context of his appeal from the Superior Court's denial of his Rule 61 motion.  Accordingly, the Court concludes that Petitioner has satisfied the exhaustion requirement.

However, the Court concludes that Petitioner's claims are not cognizable on federal habeas review, because they allege only claims based on state law.  It is well-established that federal habeas relief is not available for errors of state law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  Accordingly, the Court will dismiss Petitioner's claim, because it is not cognizable on federal habeas review.[2]

## III. **Miranda** Claim

Petitioner next contends that the trial court violated his Fourth Amendment rights by failing to suppress statements he made to Detective Fiscella.  Specifically, Petitioner contends that Detective Fiscella failed to provide him with Miranda warnings.

---

[2]     To the extent Petitioner referred to federal law, he stated that "if the defendant was not legally indicted by a valid grand jury the trial court lacked jurisdiction and violated the Fifth and Fourteenth Amendment rights by conducting a trial on 9-29-1998, without an indictment." Op. Br., Johnson, No. 62, 2002 at 10; see also D.I. 38 (Reply Br.) at 5.  The Court concludes that Petitioner's claim based on the Fifth and Fourteenth Amendments lacks merit.  The Fifth Amendment's requirement that one be tried by indictment has not been incorporated to the states through the Fourteenth Amendment.  See Hurtado v. California, 110 U.S. 516, 538 (1884).  The Constitution of the State of Delaware contains a clause precluding felony prosecution without an indictment, but this right is secured by state law, and therefore, any violation of that right is not cognizable on federal habeas review.  Estelle, 502 U.S. at 67.

10

In addition, Petitioner contends that the trial court violated his due process rights by refusing to allow Petitioner to testify at the suppression hearing.

Petitioner presented this claim to the Delaware State Supreme Court on direct appeal, and the Delaware Supreme Court denied the claim on the merits.  Therefore, the Court must review the claim under Section 2254(d)(1) to determine if the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

Pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966), a person questioned by law enforcement officers must "be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." The need for Miranda warnings is triggered if, while in custody, the person is subject to express questioning or its functional equivalent.  Spontaneous or unsolicited remarks, not in response to interrogation, do not fall within the scope of Miranda.

The Delaware Supreme Court recognized the tenets of Miranda and applied them to conclude that Petitioner was not subject to questioning that would trigger the need for Miranda warnings.  In so doing, the Delaware Supreme Court found that the record supported the Delaware Superior Court's finding that the conversation between Petitioner and Detective Fiscella was not a

11

custodial interrogation.  Petitioner has not demonstrated by clear and convincing evidence that the Superior Court's factual findings were erroneous, and the Court concludes that the Delaware Supreme Court's decision is consistent with Miranda and is a reasonable application of Miranda.  Accordingly, the Court concludes that Petitioner is not entitled to relief on his claim that his Fourth Amendment rights were violated.

## IV.  Discovery Violation Claim

Petitioner next contends that the State violated Delaware Superior Court Criminal Rule 16 by waiting to disclose the arresting officer's handwritten notes until its rebuttal case. Petitioner presented this claim to the Delaware Supreme Court on direct appeal, and therefore, the Court concludes that he exhausted state remedies.  However, Petitioner's claim is based upon state law, and therefore, the Court concludes that it is not cognizable on federal habeas review.  Accordingly, the Court concludes that Petitioner is not entitled to relief.  Estelle, 502 U.S. at 67-68.

In its Supplemental Answer, however, the State construes Petitioner's claim as being based upon a Brady violation. Petitioner did not present this claim in his first petition, and therefore, the Court is not required to consider it based on the parameters set by the Third Circuit's Order remanding this case. However, even if the Court considers this claim, the Court

concludes that Petitioner is not entitled to relief.

Petitioner presented his Brady violation claim to the Delaware Supreme Court on appeal from the denial of his Rule 61 post-conviction motion.  Although the Delaware Supreme Court affirmed the Superior Court's denial of post-conviction relief for the reasons discussed by the Superior Court, the Superior Court never actually discussed this claim in terms of a Brady violation.  As a result, the Court will review this claim de novo instead of under the deferential standard in Section 2254(d)(1).  Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004) (a state court opinion which does not even mention a federal constitutional claim does not constitute an adjudication on the merits).

Under Brady and its progeny a habeas petitioner must show that (1) the prosecution suppressed evidence either willfully or inadvertently, (2) the evidence was favorable to the petitioner because it was exculpatory or it had impeachment value, and (3) the evidence was material.  Lambert v. Blackwell, 387 F.3d 210, 252 (3d Cir. 2004) (citing Banks v. Dretke, 540 U.S. 668 (2004)).  Material evidence is evidence which "could reasonably be taken to put the case in such a different light as to undermine confidence in the verdict."  Kyles v. Whitley, 514 U.S. 419, 435 (1995).

In this case, the record demonstrates that Petitioner was provided with a summary of the police report, including Petitioner's statements, prior to trial.  Indeed, defense counsel

13

moved to suppress these statements pretrial demonstrating that Petitioner was provided with discovery regarding these statements.  At trial, Petitioner denied that he made the statements and attacked Detective Fiscella's credibility.  In rebuttal, the prosecution introduced Detective Fiscella's handwritten notes.  Accordingly, the evidence was neither exculpatory nor of impeachment value to Petitioner, and therefore, the Court concludes that Petitioner cannot establish a Brady violation entitling him to federal habeas relief.

**V.   Fourth Amendment Claim**

Petitioner next contends that his Fourth Amendment rights were violated when the police put surveillance on his car and subsequently arrested him.  Specifically, Petitioner contends that the surveillance was illegal, because he was ultimately acquitted of the robbery that formed the basis for the surveillance.  In addition, Petitioner contends that the warrantless arrest that resulted from the surveillance was also illegal.

Based on the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), the Court is barred from reviewing the merits of Petitioner's Fourth Amendment claim.[3]  In Stone, the Supreme Court held that "[w]here the State has provided an

---

[3]      The Court also notes that this claim is procedurally defaulted.

opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground the evidence in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see also Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir. 1994).  In this case, the state courts provided Petitioner with an adequate forum to present his Fourth Amendment claim.  Specifically, Delaware Superior Court Criminal Rule 41 permits a criminal defendant to file a pretrial motion to suppress evidence, and Petitioner invoked Rule 41 by filing a motion to suppress statements he made to Detective Fiscella. Accordingly, the Court concludes that the state provided Petitioner with sufficient means to present his claim, and therefore, Petitioner is not entitled to relief on his Fourth Amendment claim.[4]

_____

[4]     To the extent Petitioner seeks review of his Fourth Amendment claim through the "back door" of an ineffective assistance of counsel claim, the Court concludes that Petitioner is not entitled to relief.  Petitioner presented his Fourth Amendment claim to the Delaware Superior Court on post-conviction relief in the context of an ineffective assistance of counsel claim; however, the Superior Court concluded that counsel was not ineffective.  The Superior Court stated that a motion to suppress would not have been granted, because "the police observed conduct which clearly provided probable cause to arrest the occupants of the car" and counsel was not required to file a meritless motion. Johnson, 2002 WL 130537 at *5.  The Court agrees with the Superior Court that trial counsel's decision not to file the suppression motion requested by Defendant was within the range of reasonable professional assistance offered by counsel.  The Court further concludes that Petitioner cannot establish prejudice, because as the Superior Court noted sufficient evidence existed

## VI.   Prejudicial Joinder Claim

Petitioner next contends that the Superior Court improperly tried him on three separate robbery offenses in a single trial. Petitioner also contends that because he was acquitted on the charges arising from the surveillance conducted by the state police, his conviction on related charges amounts to a "fruit of the poisonous tree."

Petitioner presented this claim to the Delaware Supreme Court in the context of his appeal from the Superior Court's denial of his Rule 35 motion.  However, the Delaware Supreme Court concluded that Rule 35 was not the correct procedural vehicle for Petitioner to present this claim, 2000 WL 1177624 at *2, and Petitioner did not press this claim in his Rule 61 post-conviction motion.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (fair presentation requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits).  Accordingly, the Court concludes that Petitioner has not exhausted his state remedies with respect to this claim. However, the Court concludes that the exhaustion requirement is excused, because Petitioner no longer has an available state remedy.  Specifically, Petitioner's claim would be time-barred

---

to provide the police with probable cause to arrest Petitioner. Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief on his Fourth Amendment claim.

under Superior Court Criminal Rule 61(i)(1), barred for failing to raise the claim in his first Rule 61 motion under Rule 61(i)(2), and procedurally defaulted under Rule 61(i)(3) because Petitioner did not raise the claim during his trial.

Although the exhaustion requirement is excused, the Court concludes that Petitioner's claim is still procedurally defaulted, and therefore, the Court cannot review the merits of Petitioner's claim unless he establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court declines to adjudicate his claim. Petitioner has failed to allege cause for his procedural default, and in any event, the Court concludes that Petitioner cannot demonstrate prejudice.

To obtain federal habeas relief on a claim of improper joinder, the petitioner must show that the joinder violated his federal constitutional rights. Specifically, the joinder must have rendered the petitioner's state court trial fundamentally unfair. Tribbitt v. Wainwright, 540 F.2d 840, 841 (5th Cir. 1976).

Petitioner was acquitted of charges related to the robbery of a Sunoco Station on November 24, 1997. The surveillance evidence referred to by Petitioner was taken two days after that robbery. Petitioner contends that this surveillance evidence should have been suppressed as to the charges related to the

17

November 26, 1997 robbery; however, Petitioner's contention is incorrect as a matter of law.  The fact that Petitioner was acquitted of the November 24th robbery does not mean that the State was precluded from using subsequent surveillance evidence against him on subsequent robbery charges.  <u>Dowling v. United States</u>, 493 U.S. 342, 348 (1990).  Thus, the Court concludes that Petitioner has not demonstrated that the joinder of the three robberies in a single trial prejudiced petitioner so greatly as to deny him his right to a fair trial.  <u>United States v. Lane</u>, 474 U.S. 438, 446 n.8; <u>Pitts v. Redman</u>, 776 F. Supp. 907, 921 (D. Del. 1991), <u>aff'd</u>, 970 F.2d 899 (3d Cir.), <u>cert. denied</u>, 506 U.S. 1003 (1992).  Therefore, the Court concludes that Petitioner has failed to demonstrate cause and prejudice excusing his procedural default.

In addition, the Court concludes, for the reasons discussed in the context of Petitioner's other procedurally defaulted claims, that Petitioner has not established that the miscarriage of justice exception applies to his claim.  Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim of prejudicial joinder.

## VII. Prosecutorial Misconduct

Petitioner next contends that the prosecutor engaged in misconduct by referencing Petitioner's prior convictions during his closing argument.  Petitioner contends that the trial judge

18

also impermissibly failed to weigh the prejudicial effect of these prior convictions against their probative value and failed to provide the jury with a limiting instruction.

At the time Petitioner filed his initial petition, this claim was not exhausted.  However, Petitioner has since presented this claim to the Delaware Supreme Court in the context of his appeal from the Superior Court's denial of his Rule 61 motion. 2002 WL 130537, *3.  In affirming the Superior Court's decision, the Delaware Supreme Court adopted the reasoning of the Superior Court, and the Superior Court concluded that Petitioner's claim was procedurally defaulted under Superior Court Criminal Rule 61(i)(3).  Thus, regardless of whether this claim has been exhausted, or exhaustion is excused because a state remedy is no longer available, Petitioner's claim is still procedurally defaulted.

To overcome this procedural default, Petitioner must show cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court declines to review his claim.  The Court concludes that Petitioner has failed to establish prejudice, because his claim lacks merit.

It is well-established that the credibility of a defendant who takes the stand may be impeached by evidence of his prior convictions.  <u>McGautha v. California</u>, 402 U.S. 183, 215 (1971). Petitioner's trial attorney chose to present evidence of

19

Petitioner's past convictions during his direct examination to preempt the prosecutor from raising this evidence on cross-examination.  Petitioner's prior convictions were admissible at trial under state law, and the Supreme Court has concluded that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."  Ohler v. United States, 529 U.S. 753, 760 (2000).

Moreover, the Court concludes that the prosecutor was not precluded from referring to Petitioner's prior convictions in terms of discussing Petitioner's credibility during his closing argument.  Portuondo v. Agard, 529 U.S. 61, 69 (U.S. 2000).  In addition, the trial court provided the jury with an appropriate limiting instruction, which the Court concludes was sufficient to satisfy Petitioner's due process rights to a fair trial.

The Court also concludes, for the reasons discussed in the context of Petitioner's other procedurally defaulted claims, that Petitioner has not established that the miscarriage of justice exception applies to his claim.  Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim of prosecutorial misconduct.

## VIII.  Certificate Of Appealability

The Court must next determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate

Rule 22.2.  The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court has determined that federal habeas relief is unavailable as to each of Petitioner's claims.  The Court is persuaded that reasonable jurists would not debate the correctness of its assessments.  Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

CONCLUSION

For the reasons discussed, the Court will dismiss the claims raised in the first Petition filed by Petitioner in Civil Action No. 00-851 and deny the Writ of Habeas Corpus sought by Petitioner.  In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.